## STRASSER v. MACK et al.

### No. 11411.

Court of Civil Appeals of Texas.
San Antonio.

June 7, 1944.

Rehearing Denied July 12, 1944.

Thos. G. King, of San Antonio, for appellant.

Thomas H. Ball, Simmons & Smyth, and Fred Much, all of Houston, for appellees.

NORVELL, Justice.

This is an appeal from a judgment based upon an instructed verdict. It appears that some time prior to June 30, 1936, appellant Ben F. Strasser filed a lawsuit asserting certain claims against appellees H. & C. C. Oil Company and J. O. Mack. Mack was and is president of the oil company. He effected a settlement of Strasser's claims which is evidenced by a letter dated June 30, 1936, written by Mack on behalf of the Oil Company and endorsed by Strasser as "agreed to." Under the terms of this agreement, the oil company agreed to pay Strasser $2,500 in cash, execute a note payable to him for $1,000, and deliver to J. M. Johnson, an attorney at law, as escrow agent,

5,000 shares of the capital stock of H. & C. C. Oil Company, under terms and conditions as follows:

"That said stock above mentioned and described is to remain in the hands of such attorney in trust, as Trustee, until five thousand (5,000) shares of the capital stock of the H. & C. C. Oil Company has been sold by you, at not less than Five Dollars ($5.00) per share, and if such stock is increased by the direction of legal authority, you are to sell same at the prevailing prices. However, we do agree to pay you a commission of twenty per cent (20%) on such stock as you sell of this five thousand (5,000) share issue, and when such is sold in its entirety by you, then you are entitled to receive the five thousand (5,000) shares of stock so held by Mr. Johnson in trust. This stipulation is to remain in force and effect until such five thousand (5,000) shares of stock has been sold by you for the benefit of this Company, as hereinbefore stipulated; your failure to do so will terminate this agreement, and the five thousand (5,000) shares of stock shall revert to and become the property of the Company."

The terms of the settlement agreed to on June 30, 1936, were not carried out and on July 10, 1936, after further negotiation between Mack and Strasser another agreement was made. In accordance with said agreement, Strasser executed a release, the construction of which controls the disposition of this case.

This release contained recitations as to the prior agreement of June 30, 1936, and the two concluding paragraphs thereof read as follows:

"Now, Therefore, Know All Men by These Presents:

"That I, Ben F. Strasser, of Nueces County, Texas, for and in consideration of the sum of $2,500.00, cash, to me in hand paid by the H. & C. C. Oil Company, a corporation, and J. O. Mack, the receipt of all of which is hereby fully acknowledged and confessed, do hereby ratify and confirm the settlement of the original law suit, and declare same to be final and binding in all its terms; and

"For the same consideration and the additional consideration of the sum of $625.-00, I do hereby Release, Discharge, and Quitclaim unto the said H. & C. C. Oil Company, a corporation, and J. O. Mack all claims, past, present, and future, of every kind, character, and description, which

**338**

have been asserted by me against the said H. & C. C. Oil Company and J. O. Mack since the 30th day of June, 1936, the date of the original settlement of said law suit, and declare that they have been paid, satisfied, discharged, and here, now, forever released."

It is not contended that the release as written should be cancelled or reformed because of fraud, accident or mistake. Appellant contends that the release as written did not have the effect of extinguishing Strasser's right to sell the stock of the H. & C. C. Oil Company and receive the compensation provided therefor in the agreement of June 30, 1936. Appellees contend that the release is an effective bar to a recovery by Strasser, and the trial court agreed with this view.

In our opinion, the trial court's construction of the release of July 10, 1936, was correct. Strasser's asserted right to sell the stock of the H. & C. C. Oil Company must be considered as coming within the broad wording of the release.

The judgment of the trial court is affirmed.